# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANASTACIO B. PALAFOX, #N-33550, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-CV-1155-NJR ) |
| WILLIAM A. SPILLER, KENT E. BROOKMAN, TERRANCE T. JACKSON, KIMBERLY S. BUTLER, JOHN DOE 1, and JOHN DOE 2, Defendants. | ) ) ) ) ) ) ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Anastacio B. Palafox, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Western Illinois Correctional Center, recently filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, in 2015 when he was housed at Menard Correctional Center ("Menard"), officials violated his Fourteenth Amendment right to due process in a prison disciplinary proceeding. In connection with these claims, Plaintiff sues William A. Spiller (IDOC Gang Intelligence Officer for Internal Affairs, Menard); Kent E. Brookman (Hearing Committee Chair, Menard); Terrance T. Jackson (Hearing Committee Member, Menard); Kimberly S. Butler (Warden, Menard); John Doe 1 (Confidential Informant No. 1, Menard Inmate); and John Doe 2 (Confidential Informant No. 2, Menard Inmate).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a

complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
        (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

On August 6, 2015, Plaintiff was placed in temporary confinement at Menard's segregation unit and was issued an offender disciplinary report ("ODR"). (Doc. 1, p. 4). The ODR, which was written by Spiller, charged Plaintiff with violating DR 504.205 (Gang or Unauthorized Organization Activity/Security Threat Group ("SGT") Activity). *Id.* The charge was premised, in part, on information provided by John Doe 1 and John Doe 2 (both Menard inmates) regarding Plaintiff's alleged participation in a 10-minute meeting that occurred in the yard near the telephones. *Id*. Plaintiff has attached the ODR as an exhibit to his Complaint, and it provides as follows:

> This disciplinary report is being issued to offender Palafox upon the conclusion of an internal investigation that was initiated on August 3, 2015 and concluded on today's date. On August 3, 2015 the Intelligence Unit conducted video surveillance on the West Yard while West Cell House 1, 3, 5 galleries and non-weapon violator/staff assaulters from 7 gallery attended yard. At the beginning of yard, it was observed that fourteen offenders that included Latin Kings, Latin Kings Allies, and two other offenders that had not been previously identified as affiliated, grouped in a circle by phone 7 having a meeting. The meeting lasted approximately ten minutes with all offenders being positively identified. Additionally during the investigation information was obtained that the meeting on the yard was to discuss new Latin King leadership in the west cell house. The information was obtained from two confidential sources (names and numbers being withheld for the safety and security of the institution). The Latin King STG meeting was confirmed by Intel Staff based on confidential sources and video evidence obtained during the investigation conducted by IDOC staff: Offender Palafox was identified by his stated ID card and OTS.

(Doc. 1, p. 10).

Plaintiff objects to the ODR because (1) it relied on confidential informants who are not reliable and are often given incentives for providing information; (2) it did not identify Plaintiff's affiliation with the STG; (3) it did not specifically allege Plaintiff's participation in the STG leadership discussion; and (4) it was intentionally vague. (Doc. 1, pp. 4-5). He also claims that the ODR "is part of an orchestrated policy, practice or custom regularly implemented against inmates, (usually in mass) that has been abused by gang intel and its members for many years." (Doc. 1, p. 5). Plaintiff speculates that the goal of the alleged policy is "to identify and segregate inmates who are STG participants." *Id.* He also speculates that disciplinary reports written by gang intelligence officers are "rubber stamp[ed]" by hearing committee members. *Id.*

A disciplinary hearing was held on August 10, 2015. (Doc. 1, pp. 5, 14). At the hearing, Plaintiff pled not guilty and submitted a written statement in his defense. *Id.* The Adjustment Committee, which was comprised of Brookman and Jackson, found Plaintiff guilty and indicated that the decision was based on the ODR, which was transcribed virtually verbatim in the decision. *Id.* Plaintiff was sanctioned with placement in segregation for one year, demotion to

"C" grade for one year, commissary restriction for one year, yard restriction for one month, and contact visit restriction for six months. *Id.* Butler concurred with the Adjustment Committee's decision. (Doc. 1, p. 6).

Plaintiff claims that his due process rights were violated in the following ways:

- The record does not indicate whether the Adjustment Committee considered Plaintiff's version of events;

- The record does not indicate whether the Adjustment Committee made an independent assessment as to the credibility of the confidential informants; and

- The Adjustment Committee adopted, verbatim, Spiller's version of events (as set forth in the ODR).

(Doc. 1, pp. 5-6).

While Plaintiff was in segregation, he suffered from depression and was assaulted by his cellmate. (Doc. 1, p. 7). The assault resulted in a severe eye injury. *Id.*

### DISMISSAL OF JOHN DOE DEFENDANTS

The John Doe defendants are inmates who, acting as confidential informants, relayed information regarding the purpose of the August 3, 2015 meeting (to discuss new Latin King leadership in the west cell house). Plaintiff contends that these unidentified inmates conspired with prison officials to deprive him of his due process rights. The only allegations offered in support of the alleged conspiracy is Plaintiff's belief that, as a general rule, confidential informants (1) do not have to be "accurate or knowledgeable in the information that they provide" and (2) often receive incentives for providing information. (Doc. 1, p. 4).

In order to be liable under 42 U.S.C. § 1983, a defendant must have both (1) acted under color of state law and (2) violated a constitutional right. *Papapetropoulous v. Milwaukee Transport Servs., Inc.*, 795 F.2d 591, 595 (7th Cir. 1986); *Reichenberger v. Pritchard*, 660 F.2d 280, 284 (7th Cir. 1981). According to the Complaint, the confidential informants merely relayed

4

information to prison officials; there is no indication that they were acting under the color of law. Private parties who conspire with state actors to deprive an individual of his or her constitutional rights may be sued under 42 U.S.C. § 1983. *See Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2001). But mere cooperation with prison officials – even if the cooperation was incentivized or if the resulting information proved to be inaccurate – is insufficient to support an inference that the John Doe defendants conspired with officials to violate Plaintiff's constitutional rights. Moreover, as set forth more fully below, the Complaint does not sufficiently allege that Plaintiff's constitutional rights were violated. Accordingly, the John Doe defendants shall be dismissed from the action with prejudice.

## DIVISION OF COUNTS

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]

**Count 1:** Fourteenth Amendment claim for deprivation of a liberty interest without due process against Brookman and Jackson for punishing Plaintiff with segregation following his August 10, 2015 disciplinary hearing and against Butler for affirming the sanction.

**Count 2:** Fourteenth Amendment claim for deprivation of a liberty interest without due process against Spiller for issuing the August 6, 2015 ODR.

---

[1] This includes, but is not limited to, the allegations pertaining to Plaintiff suffering from depression and being assaulted while in segregation. It is unclear what, if any, claim these allegations are intended to support. These allegations, standing alone, do not suggest a constitutional violation on part of any of any specific defendant.

5

## MERITS REVIEW UNDER § 1915(A)

**Count 1**

The evaluation of Plaintiff's due process claim involves a two-part inquiry. First, the Court considers whether a constitutionally protected interest was at stake. If it was, the Court must examine whether the disciplinary proceeding was conducted in accordance with procedural due process requirements. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

As to the first inquiry, the Court focuses on Plaintiff's placement in disciplinary segregation.[2] Plaintiff was punished with one year in disciplinary segregation, which is likely long enough to trigger Fourteenth Amendment due process requirements. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009) (noting that a "claim of confinement in segregation for 240 days may implicate a liberty interest"). Accordingly, without delving into the conditions of segregation, the Court finds that Plaintiff has alleged a deprivation sufficient to survive preliminary review.

This brings the Court to the second inquiry: Whether the disciplinary proceeding was conducted in accordance with procedural due process requirements. Procedural due process in the prison context requires compliance with the protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Specifically, an inmate is entitled to (1) advanced written notice of the charge against him; (2) the right to appear before an impartial hearing panel; (3) the right to call witnesses and present documentary evidence if prison safety allows; and (4) a written statement of the reasons for the discipline imposed. *Wolff*, 418 U.S. at 563-69. In addition, the disciplinary

---

[2] Punishments such as demotion in grade, commissary restriction, or transfer to another facility do not amount to a constitutional deprivation. *See Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997).

decision must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

Plaintiff's allegations and the attached exhibits suggest that Plaintiff received due process. First, he was given sufficient written notice of the charge prior to the hearing. At the hearing, Plaintiff was allowed to present a written statement, and there is no indication that he was denied the opportunity to call witnesses. Additionally, the hearing was held before an impartial body. As to this issue, Plaintiff speculates that hearing committees often "rubber stamp" ODRs from intelligence officers, but this generic statement does not sufficiently allege that Plaintiff's hearing officers lacked impartiality. Finally, the Adjustment Committee's written reasoning for its finding suggests the decision was based on "some evidence." Specifically, Plaintiff was observed meeting with known gang members and, according to confidential informants, the purpose of the meeting was to discuss new leadership for the Latin Kings.

Plaintiff contends that his due process rights were violated because the Adjustment Committee did not specify whether it considered Plaintiff's version of events, did not specify whether it made an independent assessment of the confidential informants statements, and adopted Spiller's version of events. But these allegations do not speak to whether the disciplinary hearing lacked the due process protections outlined in *Wolff*. Instead, these allegations suggest that Plaintiff disagrees with the outcome of his disciplinary hearing—he believes the Adjustment Committee relied on the wrong evidence in rendering its decision. That is, Plaintiff objects to the fact that the Adjustment Committee gave more weight to the results of the investigation, as detailed by Spiller, and to the confidential informants than it did to Plaintiff's version of events. But mere disagreement with the outcome of a disciplinary hearing does not amount to a due

process violation. *See Campbell v. Miller*, 787 F.2d 217, 223 (7th Cir. 1986); *Singh v. Gegare,* 651 F. App'x 551, 555-56 (7th Cir. 2016).

For these reasons, Count 1 shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**Count 2**

The Complaint suggests that Spiller's ODR was somehow erroneous, perhaps because it relied on confidential informants or perhaps because it failed to consider that Plaintiff was simply waiting to use the telephone (as opposed to discussing Latin King leadership issues). "But whether particular disciplinary charges are correct is a subject to be resolved by prison disciplinary boards, not by damages actions under § 1983." *Karow v. Fuchs*, 695 F. App'x 966, 967 (7th Cir. 2017). Further, for reasons explained above, the Complaint does not sufficiently allege that Plaintiff's disciplinary hearing lacked the procedural due process requirements outlined in *Wolff*. Accordingly, even assuming Spiller intentionally issued an unsubstantiated disciplinary ticket (which Plaintiff does not allege), Plaintiff could not maintain a due process claim against him. *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984) (the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a hearing on the charges and is afforded the procedural protections outlined in *Wolff*).

For these reasons, Count 2 shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**PENDING MOTIONS**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which shall be denied at this time. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli*

*v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

The court finds that Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010); *Brock v. Beelman C*o., 2010 WL 1692769, at * 2 (S.D. Ill. Apr. 27, 2010). To meet this requirement, Plaintiff must submit proof that he has made reasonable efforts to recruit counsel. Plaintiff attaches a letter he mailed to the John Howard Association. The letter states that Plaintiff has a first grade education and that another inmate is presently assisting him. Additionally, Plaintiff asks the John Howard Association for a list of pro bono attorneys. While this is a good first step, this single inquiry, asking for a list of pro bono attorneys, does not make the threshold showing. Consequently, the Court will not recruit counsel to represent Plaintiff at

this time, and the motion is **DENIED**. The Court will remain open to the appointment of counsel in the future.

### DISPOSITION

**IT IS HEREBY ORDERED** that **JOHN DOE 1** and **JOHN DOE 2** are **DISMISSED** from the Complaint without prejudice. The Clerk of the Court is **DIRECTED** to terminate these individuals as parties in the Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that the Complaint, which includes **COUNTS 1** and **2,** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or **July 18, 2018**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because he has yet to state a claim upon which relief may be granted.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (*i.e.* 18-cv-1155-NJR).

To enable Plaintiff to comply with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the

original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(A).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** June 18, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**