# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANASTACIO B. PALAFOX, )<br>#N-33550, )<br> )<br>        Plaintiff, )<br> )<br>  vs. )<br> )<br>WILLIAM A. SPILLER, )<br>KENT E. BROOKMAN, )<br>TERRANCE T. JACKSON, )<br>KIMBERLY S. BUTLER, )<br>JOHN DOE 1, and )<br>JOHN DOE 2, )<br>        Defendants. ) | Case No. 18-CV-1155-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On May 24, 2018, Plaintiff Anastacio B. Palafox, a former inmate of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983. On June 19, 2018, this Court entered an order dismissing the Complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. (Doc. 6). Plaintiff was given until July 18, 2018, to file an amended complaint. The Dismissal Order was transmitted to Plaintiff at Western Illinois Correctional Center. Additionally, a blank civil rights form was mailed to Plaintiff at the address on file with the Clerk's Office in this action. On July 2, 2018, the blank civil rights form was returned to this Court as undeliverable, indicating that Plaintiff had been discharged. (Doc. 7). Accordingly, on July 26, 2018, the Court entered a Notice of Impending Dismissal. (Doc. 8). Plaintiff was ordered to file an amended complaint and to provide the Court with his current address on or before August 16, 2018. Plaintiff was warned that failure to comply would result in this case being dismissed with prejudice, and that the dismissal would

1

count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's deadline has come and gone, and Plaintiff has failed to respond in any way. This action is therefore subject to dismissal for failure to prosecute.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

This dismissal shall count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the

30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: August 23, 2018**

s/ NANCY J. ROSENSTENGEL
**NANCY J. ROSENSTENGEL
United States District Judge**